UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>      Plaintiff,<br><br>  vs.<br><br>JEFFREY BEARD, et al.,<br><br>      Defendants. | 1:13-cv-01556-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY MAGISTRATE JUDGE AUSTIN FROM PARTICIPATION IN THIS CASE<br>(Doc. 7.) |

**I.    BACKGROUND**

Andrew R. Lopez ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on September 26, 2013.  (Doc. 1.)

On October 17, 2013, Plaintiff filed a motion to disqualify Magistrate Judge Gary S. Austin from participation in this case.  (Doc. 7.)

**II.   DISQUALIFICATION OF JUDGE - 28 U.S.C. § 144**

    **A.    Legal Standard**

Under 28 U.S.C. § 144, "[W]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall

proceed no further therein, but another judge shall be assigned to hear such proceeding."  28 U.S.C. § 144; see Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008); U.S. v. Johnson, 610 F.3d 1138, 1147 (9th Cir. 2010).  Section 144 also provides that "[t]he affidavit shall state the facts and the reasons for the belief that bias and prejudice exists, ... [and a] party may only file one such affidavit in any case."  United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980).  Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit.  Id. (citing *inter alia* United States v. Azhocar, 581 F.2d 735, 738-40 (9th Cir. 1978), cert. denied 440 U.S. 907 (1979).

The substantive standard is "'[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'"  Pesnell, 543 F.3d at 1043 (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997)).  However, the bias must arise from an extra-judicial source and cannot be based solely on information gained in the course of the proceedings.  Id. (citing Liteky v. United States, 510 U.S. 540, 554-56 (1994).  "'Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'"  In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004) (quoting Liteky, 510 U.S. at 555).  "'In and of themselves . . , they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved.'"  Id.

### B.   **Plaintiff's Motion**

Plaintiff requests "the removal of Magistrate Judge Gary S. Austin from this case, including, but not limited to, settlement conferences, and addressing *this* motion."  Motion, Doc. 7 at 1:10-14 (emphasis in original).  Plaintiff claims he has firsthand knowledge of Judge Austin's anti-prisoner bias, through rulings by Judge Austin in Plaintiff's prior cases and in other inmates' cases.

Plaintiff's motion for disqualification must be denied.  The Magistrate Judge has the authority to rule on pretrial matters pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.  Plaintiff has not supported his motion with any evidence that the Magistrate Judge has a personal bias against Plaintiff from an extra-judicial source.  As discussed above, a judge's

rulings while presiding over a case do not constitute extra-judicial conduct.  See Nilsson, 854 F.2d at 1548.  Plaintiff's disagreement with the court's rulings is not a legitimate ground for seeking disqualification.

**III.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for disqualification, filed on October 17, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **October 24, 2013**                   **/s/ Lawrence J. O'Neill**
                                                            UNITED STATES DISTRICT JUDGE