UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>    Plaintiff,<br><br>    vs.<br><br>JEFFREY BEARD, et al.,<br><br>    Defendants. | 1:13-cv-01556-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUESTS TO STRIKE PORTIONS OF THE FIRST INFORMATIONAL ORDER, FOR AN AMPLE DISCOVERY PHASE, AND FOR COURT-APPOINTED COUNSEL<br>(Doc. 8.) |

## I. BACKGROUND

Andrew R. Lopez ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 26, 2013. (Doc. 1.) On September 30, 2013, the court issued the First Informational Order. (Doc. 3.)

On October 17, 2013, Plaintiff filed objections to the First Informational Order, requested an ample discovery phase, and requested court-appointed counsel. (Doc. 8.)

## II. FIRST INFORMATIONAL ORDER -- ¶¶V(E) AND VII

The court's First Informational Order provides, in part:

> **V(E).** "If a response to discovery is found to be unsatisfactory, the party seeking discovery may file a motion to compel a further response and in that case must include a copy of the discovery propounded and the response to it. Fed. R. Civ. P. 37. A motion

1

to compel must be accompanied by "a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Fed. R. Civ. P. 37(a)(1). A discovery motion that does not comply with applicable rules may be stricken and may result in imposition of sanctions." (Doc. 3 at 4-5 ¶V(E)).

**VII.** "Absent good cause, all Court deadlines are strictly enforced. Requests for time extensions must be filed before the deadline expires and must state good reason for the request. Local Rule 144." (Id. at 5 ¶VII.)

## II.    PLAINTIFF'S REQUESTS

Plaintiff objects to portions of the court's First Informational Order found at ¶¶V(E) and VII and requests the court to strike those portions. Specifically, Plaintiff objects to ¶V(E)'s notice that Rule 37(a)(1) of the Federal Rules of Civil Procedure requires the parties to attempt to confer before filing a motion to compel, and the provision at ¶VII that "all Court deadlines are strictly enforced." Plaintiff also requests the court to provide ample time for discovery in this case, and to appoint counsel for Plaintiff.

### A.    Request to Strike Provisions from the First Informational Order

Plaintiff asserts that the requirement for the parties to attempt to confer before filing a motion to compel is "simply another absurd intent to obstruct *pro per* prisoner's access to redress upon their valid claims," because prisoners must use "snail mail" to communicate discovery issues, using up precious time allotted for discovery. Objections, Doc. 8 at 2:2-8. Plaintiff also argues that this Court routinely extends prison officials' time to respond to discovery, which reduces the *pro per* prisoner's discovery time. Plaintiff requests that the court strike the "strict enforcement of set deadlines" provision of ¶VII, and the "confer" provision of ¶V(E) from the First Informational Order. Objections at 2:17-19.

### Discussion

As a rule, the Court issues a standard First Informational Order in prisoner civil rights cases such as Plaintiff's, at the commencement of the case, to inform the plaintiff of applicable court procedures and rules of court. The provisions in the First Informational Order are to be followed in all cases, barring exceptions that may arise in specific cases. Thus, absent good

cause, all court deadlines are strictly enforced, and the parties are expected to attempt to confer before filing a motion to compel.  Plaintiff has not shown good cause for the court to strike provisions from the First Informational Order.  However, if Plaintiff requires an extension of a particular court deadline during the course of this litigation, he may request an extension of time, showing good cause for the extension.  Similarly, if Plaintiff is unable to comply with Rule 37(a)(1)'s requirement to attempt to confer before filing a motion to compel, he may bring a motion *at that time* to be excused from the requirement, showing good cause.

Based on the foregoing, Plaintiff's request for the court to strike provisions from the First Informational Order shall be denied.

### B.     Request for Ample Time for Discovery

Plaintiff requests "this court to not set (*sic*) a short discovery deadline [in this action, and] each and every time defendants are granted an extension to respond, equally extend any deadlines."  Objections at 2:14-16.  Plaintiff's requests are premature.  In the course of this litigation, if Plaintiff should require additional time to conduct discovery, he may file a motion *at that time* to extend the discovery deadline, showing good cause for the extension.  Therefore, Plaintiff's request for an ample discovery phase in this action shall be denied, without prejudice.

### C.     Request for Appointment of Counsel

Plaintiff also requests court-appointed counsel.  Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.  Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro*

*se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. At this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits. Plaintiff filed the Complaint on October 10, 2013, less than three weeks ago, and the Complaint awaits the court's screening required under 28 U.S.C. 1915. Thus, to date the court has not found any cognizable claims in Plaintiff's Complaint for which to initiate service of process, and no other parties have yet appeared. Moreover, based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims. Therefore, Plaintiff's request for counsel shall be denied, without prejudice to renewal of the request at a later stage of the proceedings.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request to strike portions of the First Informational Order is DENIED;
2. Plaintiff's request for an ample discovery phase in this action is DENIED, without prejudice; and
3. Plaintiff's request for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **October 24, 2013**              **/s/ Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE