UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ANDREW R. LOPEZ,

    Plaintiff,

vs.

JEFFREY BEARD, et al.,

    Defendants

Case No. 1:13 cv 01556 LJO GSA PC

FINDINGS AND RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM

OBJECTIONS DUE IN THIRTY DAYS

## I.    Screening Requirement

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///
///

1

## II. Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Corcoran State Prison, brings this civil rights action against defendant CDCR officials employed by the CDCR and the Board of Parole Hearings (BPH). Plaintiff names the following individual defendants: Jeffrey Beard, CDCR Secretary; C. Kusaj, Chief BPH Psychologist; BPH Psychologist S. Walker; BPH Psychologist J. Olson; BPH Commissioner T. Arbaugh; Deputy BPH Commissioner F. Lopez; Enforcement Analyst J. Brown; Does 1-50.

Plaintiff's central claim is that he has been improperly denied parole. Specifically, Plaintiff challenges the underlying basis for the decision by the BPH to deny his release on parole. Plaintiff claims that he has a liberty interest in parole, and Defendants clearly deprived him of that interest by improperly relying on invalid information.

Plaintiff alleges that on April 5, 2001, he was interviewed by a psychiatrist in preparation for a parole hearing. Plaintiff's minimum eligible parole date (MEPD) was in 2003. The evaluation indicated that Plaintiff's "level of dangerousness within the structured setting of a correctional institution is below average as indicated by the absence of violent behavior in this setting. He has demonstrated his willingness and ability to refrain from physical violence and appears to have no intention to change this pattern." Plaintiff alleges that a hearing was conducted on August 1, 2007. Parole was denied. The board recommended a new psychological evaluation be performed prior to the next hearing.

In January of 2009, the BPH made changes to its processes. Plaintiff had a habeas petition pending at the time, Lopez v. Schwarzenegger, 1:08-cv-1651 OWW SMS HC. The court ultimately granted the petition, directing respondent to provide Plaintiff with a parole hearing within 90 days. Plaintiff alleges that the Parole Board had been "ordered" to make psychological evaluations available to inmates 60 days prior to their parole hearing. On September 28, 2009, Plaintiff was given notice that a hearing was scheduled for October 12, 2009. Plaintiff advised Defendant Olson that "he would not agree to such unconstitutional

2

attempts," and reminded Defendant Olson that the court ordered a parole hearing that "comports to the constitution." On September 29, 2009, Plaintiff was taken to the visiting area at Corcoran and told that he would be evaluated by Defendant Olson for a BPH hearing. Plaintiff had no prior notice of the evaluation.

On September 30, 2009, the district court granted an extension of time to December 30, 2009, in which to conduct the parole hearing. On October 14, 2009, Plaintiff received a Comprehensive Risk Assessment, dated October 5, 2009, that reflected the September 29, 2009, evaluation. Plaintiff alleges that the 2009 evaluation "contains falsehoods, misrepresentations, references to plaintiff's petitioning for redress for no legitimate physchological purpose, and contains opinions and conclusions of prejudicial nature involving subject matters that are way outside the expertise of Defendants Olson and Walker." Plaintiff alleges that Defendants Olson and Walker falsely indicated that Plaintiff was scheduled for a BPH psychological evaluation by October 24, 2009 for a hearing scheduled for November 30, 2009. Plaintiff alleges that his 2007 denial of parole included a five year deferral, indicating that Plaintiff would not have been scheduled until 2012. Plaintiff alleges that these falsehoods by Walker and Olson "permeates their entire reports and destroys their credibility."

Plaintiff also lists several items in the 2009 evaluation that he characterizes as falsehoods. As an example, Plaintiff states that the evaluation indicates that Plaintiff stopped attending school in tenth grade then earned his G.E.D. Plaintiff alleges that he did in fact "graduate when he was sixteen, i.e. in the 10th grade." Plaintiff alleges that this shows that Defendants relied upon prison records to evaluate Plaintiff, thus establishing retaliation against Plaintiff for filing a civil rights lawsuit in 1994. Walker and Olson also allegedly made false references to gang affiliation and SHU housing.

Plaintiff appeared at a scheduled BPH hearing on December 7, 2009. The panel consisted of Defendants Arbaugh and Lopez. Arbaugh and Lopez "noted the objections to the 2009 psych evaluation, but stated they intended to rely upon it because it was in front of them." On December 21, 2009, Defendant Kusaj, the Chief BPH Psychologist, "reports that defendants

Arbaugh and F. Lopez, as commissioners of the December 7, 2009, BPH, did not report any errors in the 2009 psych evaluation.  Further, defendant Kusaj admitted the existence of a BPH/FAD policy where only requests received from a BPH panel for new psychological evaluations will be considered."   Plaintiff alleges that the failure of Defendants Arbaugh and Lopez to document errors in the 2009 psychological evaluation undermined the validity of the hearing.  Plaintiff was therefore improperly denied parole.

In November of 2009, Plaintiff forwarded a complaint to Defendant Brown, "that shows the errors and violations within the 2009 psych evaluation signed by Olson and Walker." Plaintiff was notified by an enforcement technician that his information was being reviewed and that a thorough analysis would be conducted.  On December 29, 2009, Defendant Brown sent to Plaintiff a "notice of the need for plaintiff to complete and return a consent form authorizing access to plaintiff's records, and she included the form."  On January 19, 2010, Plaintiff was informed by Defendant Brown that she closed his case because she did not receive the consent form.  Plaintiff then provided the forms, explaining that prison officials had delayed delivering Defendant Brown's correspondence.  Plaintiff alleges that thereafter, Brown "began denying plaintiff due process and equal protections, and began jeopardizing public safety, by intentionally, and without any legitimate justification, suppressing plaintiff's complaints against Julie Olson and Steven Walker."

On April 19, 2010, Defendant Brown "falsely alleged her office did 'not have the authority to obtain or access the records relied upon by Dr. Walker and Dr. Olson in preparing' the 2009 psych evaluation."  Plaintiff was advised that his objection must be raised "through the complaint and appeals process set forth by the BPH."

### A.    Parole

Plaintiff premises his claim on a right to parole.  To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional

4

right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).

Regarding Plaintiff's claims against the California Board of Parole Hearings, these claims are foreclosed by the Supreme Court's decision in Swarthout v. Cooke, 562 U.S. 216 (2011).  In Swarthout, the Supreme Court held that the federal habeas court's inquiry into whether a prisoner who has been denied parole received due process is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id., (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979)).   Plaintiff does not contend he was denied these procedural due process guarantees, and in any case, the parole hearing transcript reflects that he was present at his parole hearing, was given an opportunity to be heard, and was provided a statement of reason for the parole board's decision. (Compl.)   According to the Supreme Court, this is "the beginning and end of the federal habeas court's inquiry into whether [the prisoner] received due process." Swarthout, 562 U.S. at 219.  "The Constitution does not require more." Greehnoltz, 442 U.S. at 16.  Plaintiff's allegations go to the information on which the parole board relied. Any such challenge should be raised in the procedures set forth for challenging the denial with the BPH.   As noted, Plaintiff has no protected interest in parole itself.   Therefore, Plaintiff's challenge to the Board's denial of parole fails to state a cognizable federal claim for relief.

Further, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied, 498 U.S. 1126 (1991).

Where the complaint states a habeas claim instead of a § 1983 claim, the court should dismiss the claim without prejudice for failure to exhaust, rather than converting it to a habeas action and addressing it on the merits. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997);

Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).  Where the complaint alleges claims that sound in habeas and claims that do not, the court should allow the non-habeas claims to proceed.  See Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 681-82 (9th Cir. 1984).

### III.     Conclusion and Recommendation

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  The gravamen of Plaintiff's complaint is that the parole board denied Plaintiff's release on parole based on incorrect information.  The facts alleged indicate that Plaintiff received all required due process.  Because Plaintiff is challenging the validity of the parole decision, his sole remedy is a petition for writ of habeas corpus.  Because the Court finds that these deficiencies are not capable of being cured by amendment, the Court HEREBY RECOMMENDS dismissal of this action, without  prejudice to the filing of a petition for writ of habeas corpus.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S. C. § 636(b)(1)(B).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834 (9th Cir. 2014)(citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 5, 2015**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE